IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| M.I.T., INC., | * | |
| Plaintiff, | * | |
| v. | * | CV 114-081 |
| MEDCARE EXPRESS, N. CHARLESTON, LLC, et al., | * | |
| Defendants. | * | |

**O R D E R**

Currently before the Court is Defendants' motion to set aside default judgment. (Doc. 14.) For the reasons explained below, Defendants' motion is **DENIED**

I. **Background**

Plaintiff initiated this action on March 25, 2014. (Doc. 1.) Plaintiff's complaint alleges that Defendants breached three different contracts to purchase medical equipment; each Defendant entered into a separate contract with Plaintiff. (Doc. 1 ¶¶ 8-11.) On May 2, 2014, Defendants waived service through their counsel, Alicia Gevers. (Doc. 3.) The waivers of service all stated: "I understand that a judgment may be entered against me . . . if an answer or motion under Rule 12 is not

served upon you within 60 days after 3/27/2014 . . . ." (Doc. 3.)

At some point after Defendants waived service, the parties began settlement negotiations. First, in early May 2014, Plaintiff offered to settle the matter if Defendants returned the medical equipment at issue. (See Doc. 14-3 at 2.) But Defendants declined because the machines were "fully encumbered with debt." (Id.) On June 5, 2014, Defendants responded by offering to pay $20,000.00 by August 2014. (Doc. 14-4.) On June 6, 2014, Plaintiff rejected the offer and requested $150,000.00. (Doc. 14-4 at 1.) On June 13, 2014, Ms. Gevers forwarded an e-mail from Defendants' representative, Dr. Hallaba, that stated the following:

> I have seen MIT's counter request. I can't pay what we don't have or promise what I know can't happen.
>
> We are facing several simultaneous serious obstacles and challenges that simply make the request literally impossible. In addition to increased insurer oversight and audit requests of our imaging . . . we are actively defending a discrimination lawsuit in Federal Court . . . . Blue Cross has effectively 'kicked us out' of network without providing any rationale or explanation. They represented just over 50% of our patient base. This final insult is catastrophic for our business and we are still trying to wrap our heads around this . . . .

(Doc. 14-5 at 2.) The e-mail also informed Plaintiff's counsel, Robert Lowe, that Ms. Gevers would no longer be representing Defendants in this matter. (Id. at 1.) When Mr. Lowe requested

2

Dr. Hallaba's e-mail and address, Mr. Gevers forwarded the request to Dr. Hallaba and instructed him to contact Mr. Lowe. (Id.)  But Mr. Lowe claims that he never heard from Dr. Hallaba or any other representative. (Doc. 16-1 at 3.)

On June 5, 2014, Plaintiff filed its motion for entry of default, which the Clerk entered the same day. (Docs. 6, 7.) Then, on June 17, 2014, Plaintiff moved for default judgment, which the Court granted on October 14, 2014. (Docs. 9, 12.) Soon after the entry of judgment, Mr. Lowe began searching for an attorney to help collect the judgment in South Carolina, where Defendants are located. Within a few days, Plaintiff's counsel located an attorney, Thomas Nelson, who claimed he could help. (Doc. 16-1 at 4.) But, after numerous requests, Mr. Nelson failed to provide Mr. Lowe with a fee agreement. (Id.) Mr. Lowe continued to contact Mr. Nelson through at least June 2015. (Doc. 16-1 at 26.) Eventually, he gave up and found new representation in October 2015, who made the appropriate filings on November 4 and 5, 2015. (Doc. 16-1 at 5; Doc. 14-6 at 3-6.) Defendants claim that they did not have notice of the judgment until Plaintiff attempted to collect it in November 2015, and they now move to set aside the judgment.

## II. <u>Discussion</u>

Defendants move to set aside the judgment under Federal Rule of Civil Procedure 60(b), which provides:

> **(b) Grounds for relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Under Rule 60(c), "[a] motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment . . . ." Fed. R. Civ. P. 60(c)(1). Because Defendants did not move to set aside the judgment until more than a year after the Court entered judgment, they concede that reasons (1), (2), and (3) are not in play, and they do not contend that (4)

4

and (5) are relevant. Instead, Defendants expressly move under Rule 60(b)(6).

Rule 60(b)(6) provides a "catch-all" that allows a court to set aside a judgment for "any other reason that justifies relief," but it only applies in exceptional circumstances. See Aldana v. Del Monte Fresh Produce, NA, 741 F.3d 1349, 1355 (11th Cir. 2014) ("Our case precedent has carefully constrained this open-ended language."). "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." Galbert v. W. Caribbean Airways, 715 F.3d 1290, 1294 (11th Cir. 2013) (citation omitted) (internal quotation marks omitted). "[T]hat is, movants must show that absent such relief, an extreme and unexpected hardship will result." Id. (citation omitted) (internal quotation marks omitted). Moreover, "[t]he provisions of Rule 60(b) are mutually exclusive, meaning a party cannot offer reasons for relief under Rule 60(b)(6) that he also offers or could offer under one of the other five subsections of Rule 60(b)." Prof. LED Lighting, Ltd. v. AAdyn Tech., LLC, No. 14-CV-61376, 2015 WL 1246287, at *5 (S.D. Fla. Mar. 18, 2015) (citation omitted) (internal quotation marks omitted); see also Bohannon v. PHH Mortg. Corp., No. 1:12-CV-02477-RWS, 2015 WL 1137663, at *4 (N.D. Ga. Mar. 12, 2015) ("The Eleventh Circuit consistently has held that 60(b)(1) and (b)(6) are mutually exclusive. Therefore, a court cannot

5

grant relief under (b)(6) for any reason which the court could consider under (b)(1)." (citation omitted) (internal quotation marks omitted)).

In this case, the circumstances are not "sufficiently extraordinary to warrant relief." Aldana, 741 F.3d at 1355. As noted above, the waivers of service that Defendants executed clearly informed Defendants that judgment may be entered against them if they failed to appear. (Doc. 3.) While Defendants may have believed that Plaintiff would not pursue judgment against them during the settlement discussions, they were aware that Plaintiff could do so if it chose to. And they could have avoided this predicament simply by appearing in this Court.

Defendants contend that they were entitled to notice of the motion for default judgment because they had informally appeared.[1] Even if that were true, they have not explained how that would entitle them to relief. Defendants have provided no authority supporting relief on those grounds under Rule

---

[1] According to Defendants, they made an informal appearance because they "manifest[ed] a clear intention to defend." S.E.C. v. Getanswers, Inc., 219 F.R.D. 698, 700 (S.D. Fla. 2004). The Court, however, questions this proposition because, though Defendants engaged in some preliminary settlement discussions, their last communication to Plaintiff clearly stated that they could not pay, and after Ms. Gevers withdrew, Defendants never contacted Mr. Lowe. Moreover, the Court also questions whether Defendants sought relief from judgment "within a reasonable time," Fed. R. Civ. P. 60(c), because they did not move to set aside the judgment until fourteen months after the Court entered it. And they could have easily learned of the judgment as soon as it was entered and promptly moved to set it aside. See Ramsey v. Walker, 304 F. App'x 827, 828 (11th Cir. 2008) ("A determination of what constitutes a reasonable time depends on the facts in an individual case, and in making the determination, courts should consider whether the movant had a good reason for the delay . . . .").

6

60(b)(6). And they have essentially conceded that failure to provide notice does not render a judgment void (doc. 14 at 5) and have not moved for relief under Rule 60(b)(4). Defendants also argue that Mr. Lowe intentionally waited a year before seeking to enforce the judgment so that Defendants could not seek relief under Rule 60(b)(1)-(3). However, the record on this issue shows that Mr. Lowe began his efforts to collect the judgment almost immediately, though it took him over a year.

Additionally, Defendants appear to assert that they had no way of knowing about the default judgment until over a year later when Plaintiff sought to collect it. But that is not true. Defendants were undeniably aware of the lawsuit, and they could have checked the Court's docket at any time. Defendants, however, chose not to do so. In fact, on the record before the Court, it appears that Defendants made no attempt to address this matter after June 2014. When Ms. Gevers withdrew from representation, she instructed Dr. Hallaba to contact Mr. Lowe (doc. 14-5 at 1), but he failed to do so.

Because Defendants have not shown that absent an order vacating the entry of judgment, "extreme and *unexpected* hardship will result," Galbert, 715 F.3d at 1294 (citation omitted) (internal quotation marks omitted) (emphasis added), the circumstances of this case are not sufficiently extraordinary to warrant relief. Id.

### III. Conclusion

For the reasons explained above, Plaintiff's motion to set aside default judgment (doc. 14) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this 23rd day of August, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA